Parikh & Prasad, PC
Shreya Ramchandani
NY SB#: 4205597
5861 Pine Avenue, Suite B
Chino Hills, CA 91709
T: (415)278-7999
shreya@path2immigration.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASIAN MARL COMPANY LIMITED and ASCENDANCE APPARELS, LLC<br><br>Plaintiffs,<br><br>-against-<br><br><br>GILBAR TRADING, INC.<br><br>Defendant. | Case No: 19-cv-11279<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Asian Marl Company Limited and Ascendance Apparels, LLC (together "**Plaintiffs**"), by and through its undersigned counsel, Parikh & Prasad, PC, as and for its complaint against Gilbar Trading, Inc. (the "**Defendant**"), alleges the following:

### NATURE OF THE ACTION

1. This breach of contract action is brought by an exporting company and its subsidiary, and chiefly seeks to recover over **$326,128.30** (USD) due and owing for custom-made apparel that Plaintiffs caused to be manufactured and shipped from China and India pursuant to the Defendant's orders, and then delivered to the Defendant. Each time, the Defendant accepted the goods without complaint, sold the goods, yet failed to remit full payment for them despite several verbal and written requests from the Plaintiffs.

2. Despite refusing to pay the entire amount due, the Defendant still insisted on placing orders for new merchandise with the Plaintiffs. The Defendant also asked the Plaintiffs for a chargeback (a term used in this trade with reference to a discount on the amount due for goods that were shipped, delivered and accepted) to account for the delays in some shipments of the ordered goods. While the Plaintiffs were willing to negotiate the amount of the chargeback and reached out to the Defendant several times to get further details on this desired discount, the Defendant never provided the Plaintiffs with clarification on this matter. After almost a year of Plaintiff's stonewalled attempts at collection, as explained further below, the Plaintiffs asserts claims against the Defendant for trade price, account stated, and breach of contract or, in the alternative, unjust enrichment.

## PARTIES

3. The Plaintiffs are an exporting company, Asian Marl Company Limited ("**Asian Marl**") and its subsidiary, Ascendance Apparels, LLC ("**Ascendance**"). Asian Marl is a Taiwan based limited company with a place of business at 20 Tian Xiang Road, Lane 61, 6th Floor Taipei, Taiwan 10452. Ascendance is a California based limited liability company with a place of business at 2600 W. Olive Avenue, Suite 576, Burbank, CA 91505. Asian Marl also has a branch office in Shaoxing, China.

4. Upon information and belief, the Defendant is incorporated in New York State, with a principal place of business located at 2041 McDonald Avenue, Brooklyn, NY 11223.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship, and the amount in controversy exceeds the statutory threshold.

6. The Court has in personam jurisdiction over the Defendant because it resides and does business in this State and District; and/or due to its purposeful activities within the State which have given rise to the Plaintiffs' injuries; and/or by reason of the Defendant's continuous and systematic conduct of business within this State and District.

7. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391 because the defendant resides or maintains its corporate headquarter office in this District, and/or because a substantial part of the events or omissions giving rise to the underlying claims occurred in this District and the property that is the subject of the action is situated in this district.

## FACTS

8. The Plaintiffs are a reputable, multinational exporting company headquartered in Taiwan. Since 2004, Asian Marl has established considerable goodwill among its clientele and trading partners. One of its primary business functions is to facilitate the manufacturing of clothing apparel pursuant to specific orders it receives from its clients and arrange for the exporting from factories in China and India. Goods sourced by Asian Marl often can be found in large retail chains including Ross, TJ Maxx, Marshall's, Family Dollar Stores, 5 Below, Dollar General and Fallas Stores.

9. Ascendance was set up as Asian Marl's subsidiary in the United States, specifically for importing in the merchandise exported by Asian Marl, customs clearing and delivery to the client.

10. Upon information and belief, the Defendant is a wholesale reseller of apparel, specifically sportswear and loungewear for men, women and children.

11. As was customary in the course of dealings between the Plaintiffs and Defendant, the Defendant emailed four purchase orders to Asian Marl in China between February to April 2018 (the "**purchase orders**"). Pursuant to these purchase orders, the Plaintiffs proceeded to manufacture and ship the goods from China and India to the Defendant in several separate shipments from July to November 2018. Such shipments generally take approximately three to five weeks to be delivered, and Defendant typically wire transferred the amount due to the Plaintiffs within fifteen days after receipt of the goods.

12. Between June – November 2018, Plaintiff encountered several problems that arose with respect to the factories in China that were manufacturing the goods for the purchase orders. The Chinese government shut down fabric mills due to excessive pollution, another factory that the Plaintiffs were working with shut down (because the factory owner had absconded without paying his employees), there

3

were quality issues with the goods that had been manufactured by certain factories, and one of the Plaintiffs' largest clients filed bankruptcy (leaving the Plaintiffs with insufficient funds to pay factories to release the goods for shipment to the Defendant). The Plaintiffs timely and prudently communicated these issues as well as the anticipated delays in shipments to the Defendant. Additionally, the Plaintiffs sought several extensions to the original shipment dates for the purchase orders, which the Defendant granted without any objections. In fact, in an email on October 10, 2018, the Defendant requested that the price ticket be taken off from the goods from one of the purchase orders, as their original buyer had canceled the order due to continuous delays. Nonetheless, the Defendant still asked the goods be shipped to them in any case. In fact, at no point did the Defendant reject the shipped goods on the basis of delays or otherwise. Upon information and belief, the Defendant sold the subject goods to third parties and retail outlets for profit.

13. At issue now are seven commercial invoices totaling $326,128.30 for clothing apparel that was manufactured in accordance with the specifications of the Defendant's purchase orders and delivered to the Defendant.

14. The details of each of the seven trade contracts, including price, pay term and payment due date are as follows:

| Inv. No. | Inv. Date | Pay Term | Delivery Date | Due Date | Vessel | Item | Qty. | Balance Amount Due ($) |
|---|---|---|---|---|---|---|---|---|
| AAL205 | 09/18/2018 | 15 | 10/24/2018 | 11/08/2018 | Cosco Harmony 042E | Men's Knit Lounge Pants | 17,640 pcs | 40,042.80 |
| AAL206 | 09/19/2018 | 15 | 10/25/2018 | 11/09/2018 | Queen of Luck 18115 | Ladies' Flannel Pants | 27,450 pcs | 61,762.50 |
| AAL207 | 09/24/2018 | 15 | 10/29/2018 | 11/13/2018 | Cape Nemo 399 | Ladies' Flannel Pants | 22,140 pcs | 49,815.00 |
| AAL210 | 09/30/2018 | 15 | 10/31/2018 | 11/15/2018 | YM Unicorn 032E | Ladies' Lounge Pants | 15,048 pcs | 32,353.00 |
| AAL214 | 10/12/2018 | 15 | 11/7/18 | 11/22/2018 | Cosco America 053E | Men's & Ladies' Lounge Pants | 11,304 pcs (Ladies) 4,140 pcs (Mens) | 33,701.40 |

4

| AAL220 | 10/26/2018 | 15 | 11/22/18 | 12/07/2018 | Cosco Faith 037E | Ladies' PJ Sets | 9,384 Sets | 41,553.60 |
|---|---|---|---|---|---|---|---|---|
| AAL223 | 10/29/2018 | 15 | 11/27/18 | 12/12/2018 | YM Uniformity 039E | Ladies' Lounge Pants & Men's Bath Robes | 12,000 pcs (Ladies) 11,376 pcs (Mens) | 66,900.00 |
| Total Due | | | | | | | | 326,128.30 |

15. Despite their contractual obligation to do so, the Defendant failed to pay the amounts reflected on each of the commercial invoices (summarized above). The total amount of $326,128.30 remains due and owing to the Plaintiff.

16. In January 2019, the parties met to discuss these pending invoices. Prior to the meeting, the Plaintiffs had reached out to the Defendant acknowledging that while there may be some chargebacks involved, they requested a partial payment on the invoices. The Defendant replied that no funds would be transferred until they met in person at the end of January. At the meeting, the Defendant indicated that they would not pay up on any of the invoices and that the Plaintiffs could potentially recover the amount due through new business with the Defendant. The meeting ended without any formal agreement or conclusion, but the Defendant did agree to inform the Plaintiffs about the details of the chargeback they were claiming.

17. For several months after this meeting, the Plaintiffs tried to contact the Defendant via phone and email to determine details of the chargeback or any specifics of how the Defendant intended on paying the amount due through future orders. The Defendant failed to provide any further clarification on this matter.

5

## COUNT I

### For Trade Contract Price Under U.C.C. § 2-709(1)(a)

18. The Plaintiffs repeat and re-allege each of the foregoing allegations as if fully set forth herein. Pursuant to U.C.C. § 2-709(1)(a), "when the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under the next section, the price of goods accepted…."

19. Pursuant to four purchase orders from the Defendant, the Plaintiffs manufactured and delivered the custom-ordered goods to the Defendant, which goods were received and accepted without complaint along with commercial invoices therefor, which amounts remain uncontested.

20. Defendant has knowingly and willfully refused to pay the total trade price stated on the contract for goods made, shipped, delivered and accepted by the Defendant.

21. As a result of the foregoing, Defendant is liable for the principal amount of $326,128.30, together with lost profit, consequential and incidental damages, interest, costs and attorneys' fees.

## COUNT II

### For Breach of Contract

22. The Plaintiffs repeats and re-alleges each of the foregoing allegations as if fully set forth herein.

23. Under New York law, the elements of a breach of contract claim are: (1) the existence of an agreement; (2) adequate performance of the contract by the plaintiff; (3) breach of contract by the defendant; and (4) damages.

24. Between February – April 2018, the Defendant placed purchase orders with the Plaintiffs for custom-made clothing apparel that was to be designed, manufactured and shipped by Plaintiffs in accordance with the Defendant's specifications.

25. Upon delivery, the Defendant accepted all goods contained in each of the shipments in question without complaint. Upon information and belief, the Defendant sold the subject goods to third parties and retail outlets for profit.

26. Whereas the Defendant failed to pay the total amounts due and owing, as reflected on each of the commercial invoices (summarized above), the total amount of **$326,128.30** (USD) remains due and owing to the Plaintiffs.

27. Under U.C.C. § 2-710, Plaintiff is entitled to incidental damages resulting from the Defendant' breach, including "any commercially reasonable charges, expenses or commissions incurred in stopping delivery, in the transportation, care and custody of goods after the buyer's breach, in connection with return or resale of the goods or otherwise resulting from the breach."

28. As a result of the foregoing, Defendant is liable for the principal amount of $**326,128.30**, together with lost profit, consequential and incidental damages, interest, costs and attorneys' fees.

## COUNT III

### For Unjust Enrichment

29. The Plaintiffs repeats and re-alleges each of the foregoing allegations as if fully set forth herein.

30. This claim is stated in the alternative to Count II (Breach of Contract).

31. Whereas the Defendant ordered and received goods for which it has not paid, but which, upon information and belief, it has resold for profit, the Defendant has released and continues to realize substantial financial gains from its unlawful activities.

32. As a result of the foregoing, the Defendant has been and continues to be unjustly enriched at the Plaintiffs' expense. The Plaintiffs are therefore entitled to recover those sums by which the Defendant has been and will hereafter be unjustly enriched.

**WHEREFORE**, for the reasons set forth herein, the Plaintiffs demand a Judgment and Order against the Defendant, holding it liable for:

a. **Count I:** the principal amount of $326,128.30, together with lost profit, consequential and incidental damages, interest, costs and attorneys' fees.

b. **Count II:** the principal amount of $326,128.30, together with lost profit, consequential and incidental damages, interest, costs and attorneys' fees.

c. **Count III:** actual damages in an amount to be determined at trial;

d. On all Counts, interest, costs and reasonable attorneys' fees, where applicable; and

e. Whatever other and further relief the Court deems just and proper.

Dated:    December 9, 2019

    Parikh & Prasad, PC

    By: */s/Shreya Ramchandani*
    Shreya Ramchandani
    5861 Pine Avenue, Suite B
    Chino Hills, CA 91709
    T: (415)278-7999
    shreya@path2immigration.com
    *Counsel for Asian Marl Company Limited and Ascendance Apparels, LLC*